PER CURIAM.
This disciplinary proceeding by The Florida Bar against Melvin Bratton, a member of The Florida Bar, is presently before us on complaint of The Florida Bar and Report of Referee. Pursuant to Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the referee’s report and record were duly filed with this Court. No petition for review pursuant to Rule 11.09(1), Integration Rule, has been filed.
Having considered the pleadings and evidence, the referee found as follows:
As to Count I
1. Respondent’s services were engaged under the mistaken impression that the Richard J. Hays, to whom client had been recommended by a friend, was associated with Respondent, when in fact Respondent’s associate was Richard F. Hays.
2. Respondent received a $500 retainer to represent Henry Bloch. Client, upon discovering that he had engaged the services of an attorney other than he intended, became disenchanted with the progress of his action, and complained to the Grievance Committee.
3. At the Grievance Committee hearing, Respondent agreed to refund client’s retainer.
4. On July 30, 1976, Respondent issued a check to client, postdated August 4, *638 1976, which was returned for insufficient funds [paragraph 5 of answer to request for admission].
5. Client sued and recovered a judgment against Respondent for $500 plus $17.50 costs.
6. Prior to final hearing, Respondent had paid client the sum of $500 ....
7. After final hearing, Respondent, who claimed to be unaware of the judgment, forwarded a check to client for costs in the sum of $17.50 and requested satisfaction of judgment.
As to Count II
1. Respondent represented Wilfredo Navarro in a real estate transaction involving Hayden Fultz, making statements in his letter to Joe Garcia, dated June 10, 1976, to the effect “my client, Wilfredo Navarro,” and “my client is anxious to clear the title to this property”

2. Navarro gave Respondent a check in the sum of $1,000, the amount which was recited in the deposit receipt between Wilfredo Navarro and Hayden Fultz and Wanda L. Fultz, his wife, said receipt further reciting “deposit to be held in escrow with the law offices of Melvin D. Bratton, trust account until such time as an abstract is brought up to date, indicating title to be good and marketable and/or insurable.” The subject check was never deposited as the client had represented to Respondent that there was not sufficient funds in his bank account to effect payment ....
3. On April 15, 1976, Respondent gave a receipt to Wilfredo Navarro, acknowledging the receipt of $1,000 in cash . . . when in fact he had not received such sum ....
4. Respondent never received the $1,000 allegedly held by him in escrow.
As to Count III
1.Respondent neither represented Alvaro Lourido and Yolanda Lourido, his wife, the buyers in a real estate transaction in which Maria T. Claret and Concepcion Machado were the sellers, nor did he represent the sellers in said transaction. By the preponderance of the evidence, it appears that Respondent represented Residential Investors, Inc. and Wilfredo Navarro in a transaction in which Residential Properties, Inc. or Wilfredo Navarro was purchasing the property for a lesser sum from the sellers and arranging the transaction to sell the property at a higher sum to the buyers. The deposit agreement was witnessed by Respondent as to both the signatures of the sellers and the buyers, and he acknowledged the receipt of $500 from Alvaro Lourido and Yolanda Lourido, his wife “proceeds to be held in escrow by Melvin D. Bratton, attorney at law” ....
2. On July 20, 1976, Respondent wrote to Stockton, Whatley and Davin, representing “this is to advise that this office is holding the sum of $500 on behalf of Alvaro Lourido and Yolanda Lourido, his wife, toward the purchase of the above real property located in Dade County, Florida, in accordance with a deposit receipt contract of July 5, 1976”. This letter went on to say, “In addition to the above the purchaser has deposited with the undersigned the sum of $600 toward the purchase of the above referenced property for a total amount on deposit with this office of $1,100.” . . .
3. Respondent never received the $500 deposit referred to nor the additional $600 referred to, he relying upon Wilfredo Navarro to bring these monies timely into client’s office.
4. Respondent’s misrepresentations did not facilitate the closing of the real estate transaction in that the real estate transaction was not in fact closed. However, it appears that Respondent was fully aware of the nature of the transaction at the time he drew the deposit receipt, that he knew the transaction was not a sale between the buyers and sellers as represented in the deposit receipt but was in fact a three-party transaction, that the monies allegedly due pursuant to the deposit receipt were not to be advanced *639 by Alvaro and Yolanda Lourido, but were in fact to be advanced by Residential Investors, Inc., for Wilfredo Navarro and that at the time he made the representations that he had certain monies being held by him in escrow, said monies were in fact not so held by him.
The referee recommends that Respondent be found not guilty of violating any disciplinary rules as to Count I; be found guilty of violating disciplinary rule 1-102(A)(4), in that he has engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, as to Count II; and be found guilty of violating disciplinary rule 1-102(A)(4), in that he has engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, and disciplinary rule 7-102(A)(5) in that in his representation of a client, Respondent knowingly made a false statement of fact, as to Count III. Referee also recommends that Respondent receive a public reprimand.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, Respondent, Melvin Bratton, is hereby publicly reprimanded, and the publication of this order and judgment shall constitute a public reprimand.
ORDERED that Melvin Bratton shall pay the costs of these proceedings in the amount of $1,221.56.
It is so ordered.
ADKINS, Acting C. J., and BOYD, OVERTON, ENGLAND and ALDERMAN, JJ., concur.